IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Socorro Molina-Alejos,<br><br>   Petitioner,<br><br>vs.<br><br>Eric Himpton Holder, et al.,<br><br>   Respondents. | CIV-15-396-PHX-JJT (MHB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE JOHN J. TUCHI, UNITED STATES DISTRICT JUDGE:

  Petitioner Maria Socorro Molina-Alejos has filed a Amended Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody (Doc. 16). According to the Amended Petition, Petitioner is a native and citizen of Mexico who has lived in the United States for approximately eighteen years. An I-130 petition filed on Petitioner's behalf by her husband, a legal permanent resident, was approved in 2005. A subsequently-filed I-485 application to adjust Petitioner's immigration status was denied, however, and on July 11, 2013, Petitioner was removed from the United States pursuant to a reinstated expedited order of removal.

  On September 30, 2013, Petitioner presented herself at a port of entry in California to seek entry into the United States through a grant of asylum. After being taken into United States Immigration and Customs Enforcement ("ICE") custody, Petitioner was found to have a reasonable fear of returning to Mexico, and her case was referred to an Immigration Judge.

1 On April 17, 2014, the Immigration Judge denied Petitioner's request for a redetermination
2 of her custody status based on a finding that Petitioner presented a flight risk. Petitioner
3 appealed, and on October 7, 2014, the Board of Immigration Appeals ("BIA") issued an
4 order affirming the Immigration Judge's decision.

Petitioner then sought review of the BIA's decision in the Ninth Circuit Court of Appeals. After determining that it lacked jurisdiction to review the BIA's bond appeal order, see 8 U.S.C. § 1252(a)(1), the Court of Appeals construed Petitioner's petition for review as a Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus and transferred the case to this District.

In her Amended Petition, Petitioner names Warden Chuck DeRosa, Acting ICE Director Sarah R. Saldana, and Assistant Phoenix Field Office Director Micheal Zackowski as Respondents and raises three grounds for relief. In Ground One, Petitioner argues that her due process rights were violated when the Immigration Judge failed to properly weigh the factors used to determine whether an alien should be released on bond and that she afforded undue weight to Petitioner's past illegal entries. In Ground Two, Petitioner alleges the Immigration Judge erred by failing to consider whether any amount of bond could reasonably ensure Petitioner's compliance with court orders. In Ground Three, Petitioner argues that the Immigration Judge erroneously determined that Petitioner lacked sufficient motivation to reappear before the Immigration Court because Petitioner had "very limited relief available to her." According to Petitioner, her pending applications for asylum, withholding of removal, and protection under the Convention Against Torture Act gave her "every incentive to comply with the orders of the [Immigration] Court."

On June 22, 2015, Petitioner, through counsel, filed a Motion to Voluntarily Dismiss Petition (Doc. 24). Petitioner's Motion indicates that she was released from custody on June 12, 2015, on parole without bond. Thus, Petitioner states that the instant habeas petition is now moot.

- 2 -

1    Accordingly, it appearing that Petitioner is no longer in custody, that there is no longer
2 a live case or controversy in this matter, and that the habeas petition is now moot and should,
3 therefore, be dismissed, the Court will recommend that Petitioner's Amended Petition for a
4 Writ of Habeas Corpus be dismissed.

5    **IT IS THEREFORE RECOMMENDED** that Petitioner's Amended Petition for a
6 Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 16) be **DISMISSED** as moot and
7 without prejudice.

8    This recommendation is not an order that is immediately appealable to the Ninth
9 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
10 Appellate Procedure, should not be filed until entry of the district court's judgment. The
11 parties shall have fourteen days from the date of service of a copy of this recommendation
12 within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1);
13 Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen
14 days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of
15 Civil Procedure for the United States District Court for the District of Arizona, objections
16 to the Report and Recommendation may not exceed seventeen (17) pages in length. Failure
17 timely to file objections to the Magistrate Judge's Report and Recommendation may result
18 in the acceptance of the Report and Recommendation by the district court without further
19 review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure
20 timely to file objections to any factual determinations of the Magistrate Judge will be
21 considered a waiver of a party's right to appellate review of the findings of fact in an order
22 or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72,
23 Federal Rules of Civil Procedure.

24    DATED this 26th day of June, 2015.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge

- 3 -